# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:93CR00010 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **ANIF CHRISTOPHER WILLIAMS,** | ) | |
| | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | | |

On March 24, 1994, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a). On April 24, 2000, the court reduced the defendant's sentence pursuant to 18 U.S.C. § 3582 and U.S.S.G. Amendment 505.

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack

cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On May 14, 2008, the court received a Motion to Reduce Sentence pursuant to § 3582(c)(2) from the defendant.

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant was convicted of, inter alia, conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. According to the findings and conclusions of the Presentence Investigation Report—which this court adopted—the defendant was responsible for more than 5 kilograms of crack cocaine. Under the amended guidelines, this correlates with a base offense level of 38. After accounting for the four-level enhancement for the defendant's role as an organizer and leader, the defendant's Total Offense Level is 42. With a Criminal History Category of I, the amended guidelines recommend a term of imprisonment from 360 months to life. The defendant's current sentence—as amended by the April 24, 2000 Order—was calculated based upon a sentencing guideline range of 360 months to life. Because that recommended guideline range has not changed, this court lacks the authority to reduce the defendant's sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 345) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: May 20, 2008

 /S/ JAMES P. JONES
Chief United States District Judge