# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:93CR00010 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ANIF CHRISTOPHER WILLIAMS**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Anif Christopher Williams, Pro Se Defendant.*

The defendant has filed a pleading that I construe as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the motion and court records, I find that the § 2255 motion must be dismissed as successive.

Defendant Anif Christopher Williams styles his pleading as a "Motion for an Evidentiary Hearing and Appointment of Counsel." (ECF No. 378.) He asserts that a hearing is necessary to determine the amount of crack cocaine for which he should rightfully have been sentenced in 1994 on his conviction for conspiracy to distribute and possess with intent to distribute crack cocaine, because the court allegedly relied on evidence of drug trafficking perpetrated by his coconspirators after his arrest on August 8, 1992. These allegations constitute a challenge to the legality of his federal

criminal sentence as imposed. Therefore, his claim is appropriately construed as a § 2255 motion.[1]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Court records indicate that Williams previously filed a § 2255 motion concerning this same conviction and sentence, *Williams v. United States*, No. 7:96CV00916 (W.D. Va. June 1, 1998), *appeal dismissed*, No. 98-7054, 1998 WL 738362 (4th Cir. Oct. 21, 1998). As Williams offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice. Because the action itself must be dismissed, I must also deny Williams' Motion for Appointment of Counsel, as I cannot find that the interests of justice require such an appointment.

---

[1] Williams cites Amendment 78 to the U. S. Sentencing Commission Guidelines Manual ("USSG"), effective November 1, 1989, as authority for revisiting his 1994 conspiracy sentence. In limited circumstances, a retroactive amendment to the USSG can provide an avenue for a reduction of sentence, pursuant to 18 U.S.C.A. § 3582(c) (West Supp. 2010). Because such reductions are authorized only when based on amendments enacted *after* the defendant's sentencing, however, Williams states no ground for relief under § 3582(c).

Williams also cites the Fair Sentencing Act of 2010 as authority for a possible reduction in his sentence. This statute does not apply retroactively to cases, like Williams', that became final before enactment of the statute.

A separate Final Order will be entered herewith.

                                DATED: February 11, 2011

                                /s/ JAMES P. JONES
                                United States District Judge